IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Trina Creech, individually and on behalf of similarly situated persons, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No.: 2:16-cv-3087-PMD |
| v. | ) ) | **ORDER** |
| JEM Pizza Group, LLC, JEM Restaurant Group of Florida, Inc., and Does 1-25, | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Defendants' motion to dismiss (ECF No. 9); Defendants' motion to stay, to compel arbitration, and to strike Plaintiff's collective action allegations and jury trial demand (ECF No. 10); and Plaintiff's motion to dismiss (ECF No. 16). For the reasons set forth herein, Defendants' motion to dismiss is denied, while Defendants' motion to stay, to compel arbitration, and to strike Plaintiff's collective action allegations and jury trial demand is granted in part and mooted in part. Finally, Plaintiff's motion to dismiss is denied.

**BACKGROUND/PROCEDURAL HISTORY**

This action arises out of Trina Creech's employment with Defendant JEM Pizza Group, LLC ("JEM Pizza Group").[1] Creech is a former pizza delivery driver who worked for several different Pizza Hut franchises. Her lawsuit involves Pizza Hut's driver-reimbursement program. Pizza Hut pays its delivery drivers minimum wage, along with a per-delivery reimbursement designed to cover additional costs to the drivers. That reimbursement allegedly fails to fully compensate drivers for the vehicle costs they incur, including gas, repairs, insurance, and

---

1. The Court will refer to the two entity Defendants collectively as "Pizza Hut."

depreciation. As a result of those costs, Creech alleges that her effective wage, and the wages of other similarly-situated delivery drivers, fell below minimum wage.

Creech seeks to bring a collective action on behalf of herself and others similarly situated seeking relief for Defendants' alleged violations of the FLSA. The crux of the dispute in the instant motions is whether Creech must pursue her claim in arbitration and, if so, whether other drivers may arbitrate with her as a collective. Defendants filed their two motions on October 4, 2016, to which Plaintiff responded on October 18. Defendants filed a reply as to Defendants' motion to compel arbitration on October 28, to which Plaintiff filed a sur reply on November 9. Plaintiff filed her motion to dismiss on October 25, and Defendants responded on November 11. Finally, the Court held a hearing on these motions on December 19. Accordingly, these matters are now ripe for consideration.

*Arbitration Motions (ECF Nos. 10 & 16)*

### **LEGAL STANDARD**

Once a litigant moves to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, the district court determines whether a matter should be resolved through arbitration depending on (1) whether a valid arbitration agreements exists and, if so, (2) whether the dispute falls within the scope of the arbitration agreement. *AT&T Tech., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 651 (1986); *see Hooters of Am. v. Phillips*, 173 F.3d 933, 938 (4th Cir. 1999). The Supreme Court has consistently encouraged a "healthy regard for the federal policy favoring arbitration." *Levin v. Alms & Assocs.*, 634 F.3d 260, 266 (4th Cir. 2011) (internal quotation marks and citation omitted). "The heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration." *Id.* (citation omitted).

## **DISCUSSION**

Creech worked at various Pizza Hut locations from 2006 to October 2013, from September 2015 to December 2015, and in June 2016. On each of those occasions, she allegedly signed an arbitration agreement as part of her employment application. During the first time period, she physically signed a paper arbitration agreement. Creech does not dispute that she signed that agreement, which does not contain a collective-action restriction. For the 2015 employment period, Pizza Hut alleges Creech filled out an online employment application that did include an arbitration provision. Pizza Hut contends Creech electronically signed and acknowledged that she had read and agreed to the arbitration provision in the online application. Finally, Pizza Hut similarly alleges Creech electronically signed a third arbitration agreement in connection with her June 2016 employment application. These latter two arbitration agreements contain collective-action restrictions. Before deciding which agreement applies, the Court will first determine whether Pizza Hut has waived its right to arbitrate this dispute.

### **I. Waiver**

Before filing suit in this Court, Creech initially filed a demand to arbitrate and a statement of claim with the American Arbitration Association ("AAA"). Creech states that she filed her demand using a standard form application that Pizza Hut franchisees have used for several years. The form Creech filed, which is undated, contains no prohibition of class or collective action arbitration, and it states that "Pizza Hut will pay the arbitrator's fees, and Pizza Hut will pay that portion of the arbitration filing fee in excess of the similar court filing fee had I gone to court." (Pl.'s Mem. Opp'n Defs.' Mot., Ex. 5, Arbitration Agreement, ECF No. 13-5, at 2.) In connection with her demand to arbitrate, Creech served JEM Pizza Group with her arbitration demand and statement of claim.

After Creech filed her demand and paid the AAA's application fee, the AAA sent a letter on May 19, 2016, requesting the balance of the $3,250.00 filing fee.  According to Creech, the letter was sent to JEM Pizza Group.  Creech also contends that Pizza Hut was responsible for paying the balance of the filing fee based on the quoted language above.  The $3,250.00 filing fee was never paid and, on July 14, the AAA informed Creech that it was returning her application fee because the filing fee had not been paid.  Finally, on August 5, the AAA administratively closed the arbitration case for failure to pay the filing fee.

JEM Pizza Group received Creech's demand for arbitration and statement of claim, sent by Creech's counsel, at its corporate address in May 2016.  However, neither JEM Pizza Group nor JEM Restaurant Group of Florida, Inc. ("JEM Florida") received the AAA's letter requesting the balance of the $3,250.00 filing fee.  The AAA's letter is addressed to one of Creech's attorneys and to JEM Pizza Group.  The letter provides a case number and states that the action is against both JEM Pizza Group and JEM Florida.  While the address information for Creech's counsel is correct, the address for JEM Pizza Group is incorrect, as it lists the address for a Charleston shopping center.  Although a Pizza Hut restaurant operates at that shopping center, that Pizza Hut franchise is neither owned nor operated by JEM Pizza Group or JEM Florida.

JEM Pizza Group's Vice President of Human Resources, Melissa Eckert, stated in an affidavit that she never communicated with Creech's counsel after receiving the demand to arbitrate, and that she believed that the AAA would notify JEM Pizza Group once it had accepted the arbitration demand and then JEM Pizza Group would have a chance to respond.  On September 13, Pizza Hut's counsel sent an e-mail to the AAA requesting information about the arbitration.  The AAA responded, stating that the arbitration was closed because Creech had submitted insufficient fees.

"[T]he FAA authorizes a party to an arbitration agreement to demand a stay of proceedings in order to pursue arbitration, 'provided the applicant for the stay is not in default' of that right." *Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d 200, 204 (4th Cir. 2004) (quoting 9 U.S.C. § 3). "Such default or waiver arises when the party seeking arbitration 'so substantially utilized the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay.'" *Id.* (quoting *Maxum Founds., Inc. v. Salus Corp.*, 779 F.2d 974, 981 (4th Cir. 1985)). However, in light of the federal policy favoring arbitration, the Fourth Circuit has held that it "'will not lightly infer the circumstances constituting waiver.'" *Id.* (quoting *Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 95 (4th Cir. 1996)). Thus, "[t]he party opposing arbitration on the basis of waiver . . . bears a heavy burden." *Id.* (citation and internal quotations omitted). This Court has noted that "'the dispositive question is whether the party objecting to arbitration has suffered *actual prejudice*.'" *Mozingo v. S. Fin. Grp., Inc.*, 520 F. Supp. 2d 725, 731 (D.S.C. 2007) (quoting *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 249 (2001)). "'Prejudice . . . refers to the inherent unfairness—in terms of delay, expense, or damage to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate the same issue.'" *Id.* (quoting *Am. Reliable Ins. Co. v. Stillwell*, 212 F. Supp. 2d 621, 628 (N.D. W. Va. 2002)).

The Court concludes that Pizza Hut has not waived its right to arbitrate. Although Pizza Hut admits that it never paid the balance of the collective action filing fee, Pizza Hut's justifications for that failure defeat Creech's waiver argument. More importantly, Creech has not demonstrated actual prejudice. Creech commenced her action in this Court on September 12, and the Court held its hearing on December 19. During that time, the only issues raised in the case have been whether arbitration was waived, which arbitration agreement applies, if any, and

whether JEM Florida is a proper defendant. No other issues have been presented to the Court. That is not the type of substantial utilization of litigation machinery contemplated by the FAA as a reason to waive arbitration. Although Creech served the demand to arbitrate and the statement of claim in May, she did not commence this action until September 12. Three months later, the Court has determined that this action will proceed to arbitration. Although there has been a slight delay, along with additional costs, neither of those things, individually or collectively, is so substantial as to overcome the strong federal policy favoring arbitration. For those reasons, along with Pizza Hut's reasonable explanations[2] for failing to pay the balance of the filing fee, the Court concludes that Pizza Hut has not waived its right to arbitrate. Because the arbitration action was administratively closed, it may still be re-opened.

## II. Competing Arbitration Agreements

The Court now turns to the main dispute: which of the three arbitration agreements applies. Creech argues in favor of the arbitration agreement that she physically signed during her first period of employment at JEM Pizza Group. Pizza Hut primarily argues for the electronically signed 2015 agreement, without conceding its argument that the electronically signed 2016 agreement is valid. For the reasons set forth herein, the Court concludes that the 2015 agreement is valid and that this action must stayed while the parties proceed to arbitration

---

2.  First, Pizza Hut asserts that they were never notified that any additional balance was owed. The Court agrees. The AAA's letter requesting the balance of the collective action filing fee was sent to JEM Pizza Group at the wrong address, and was not even addressed to JEM Florida at all. Having never received any communications from either Creech's counsel or the AAA beyond Creech's initial demand for arbitration and statement of claim, Pizza Hut's failure to pay the balance of the filing fee cannot constitute a waiver of their right to arbitrate. Second, the Court concludes that Pizza Hut could reasonably have assumed that no additional payment was required. Although Creech's demand for arbitration requested an arbitrator with experience in FLSA collective actions, Plaintiff did not include a copy of the arbitration agreement under which she was seeking to arbitrate. Pizza Hut implemented an arbitration agreement with a collective action restriction in 2014. Thus, when Creech asserted her claim in 2015 without including the relevant arbitration agreement, Pizza Hut could reasonably have assumed that Creech's action was subject to the collective action restriction.

subject to that agreement's terms, including the collective-action waiver. Having so concluded, the Court makes no determination about the other two agreements.

Creech objects to the 2015 agreement's validity because she claims to have neither seen nor signed it. The Court concludes that Pizza Hut has proffered affirmative evidence of a valid agreement,[3] and Creech has failed to raise a genuine issue of material fact that the arbitration agreement is invalid. *See Gadberry v. Rental Servs. Corp.*, No. 0:09-cv-3326-CMC-PJG, 2011 WL 766991, at *2 (D.S.C. Feb. 24, 2011) (finding no genuine issue of material fact where an employee failed to introduce affirmative evidence that he did not sign the contract containing an arbitration agreement). As a result, the Court grants Pizza Hut's motion to stay and to compel arbitration, in accordance with the provisions of the 2015 agreement.

In light of the above analysis, the Court denies Creech's motion to dismiss Pizza Hut's counterclaim, which seeks to compel arbitration. Additionally, the Court concludes that Pizza Hut's request to strike Creech's jury trial demand is moot. Pursuant to Pizza Hut's request, the case is hereby stayed during the pendency of arbitration.

*Motion to Dismiss (ECF No. 9)*

## DISCUSSION

As the Court stated during the hearing, Pizza Hut's motion to dismiss JEM Florida is denied without prejudice. In an FLSA cause of action, the plaintiff bears the initial burden of proving that an employer–employee relationship exists. *Purdham v. Fairfax Cty. Sch. Bd.*, 637 F. 3d 421, 427 (4th Cir. 2011). Pizza Hut claims that Creech has failed to do so here because JEM Florida: (1) never paid Creech; (2) never employed Creech; (3) is a distinct and separate company from JEM Pizza Group; and (4) has its own tax identification number. In contrast,

---

3. Pizza Hut has provided screen shots of Creech's 2015 computerized application, which indicate Creech agreed to all terms of the employment application.

Creech argues that her complaint adequately pleads JEM Florida's liability based on her allegations that the JEM entities are joint employers under the FLSA. Separate entities that share control over an individual worker may be deemed joint employers. *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 305–06 (4th Cir. 2006). Under the Department of Labor's regulations, if two entities are under common control, then they can be deemed joint employers. *See* 29 U.S.C. § 791.2(b)(3). Creech alleged in her complaint that both JEM entities were under common control, and thus JEM Pizza Group and JEM Florida may be deemed to be joint employers. Without additional information concerning the question of common control, the Court cannot make a determination as to whether JEM Florida is a proper defendant at this time. Accordingly, Pizza Hut's motion is denied without prejudice.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendants' motion to dismiss is **DENIED WITHOUT PREJUDICE**, Defendants' motion to stay, to compel arbitration, and to strike Plaintiff's collective action allegations and jury trial demand is **GRANTED IN PART AND MOOTED IN PART**, and Plaintiff's motion to dismiss is **DENIED**. Accordingly, this case is **STAYED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**December 27, 2016**
**Charleston, South Carolina**